IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2187-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN LOU ENGLISH, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on respondent's motion (D.E. 34) to withdraw Luis B. Rosell, Psy.D. as an additional respondent-selected examiner appointed by the court, pursuant to 18 U.S.C. §§ 4248(b) and 4247(b), and for related relief. The court had appointed Rosell by order (D.E. 33) entered 13 June 2011 on respondent's motion (D.E. 32) filed 3 June 2011. The government filed a response (D.E. 38) opposing the motion to withdraw Rosell, respondent a reply (D.E. 39), and the government a surreply (D.E. 42). The court heard argument on the motion on 8 July 2011 (without objection from the government, which had not yet filed its response). (*See* D.E. 36).

Respondent seeks to withdraw Rosell on the grounds that he retained Rosell as a trial (*i.e.*, commitment hearing) preparation expert under Rule 26(b)(4)(D); his counsel provided Rosell attorney-client privileged and work-product doctrine protected information (collectively "privileged information") believing such information could not be obtained from Rosell through discovery because he was a trial preparation expert; respondent subsequently moved for Rosell's appointment by the court only because his counsel believed the court required her to do so[1]; and although his counsel thought initially that she could prevent Rosell from disclosing the privileged information

---

[1] Respondent's counsel states that she strongly disagreed with this purported requirement. While the court does not question this representation, she did not voice any such objection in the motion she filed.

notwithstanding such appointment, she now realizes that, pursuant to Rule 26(b)(4)(C)(ii), (iii), she would not be able to do so if Rosell continues as a court-appointed examiner.[2] Respondent cites to cases from other jurisdictions to support her position. *E.g.*, *Durflinger v. Artiles*, 727 F.2d 888 (10th Cir. 1984); *Estate of Douglas L. Manship v. United States*, 240 F.R.D. 229 (M.D. La. 2006); *House v. Combined Insurance Co. of America*, 168 F.R.D. 236 (N.D. Iowa 1996). While those cases offer some guidance, they are not binding. None is a decision of the Fourth Circuit and none deals with the precise situation presented here, in particular an examiner appointed under sections 4247 and 4248.

In this case, the salient considerations include the absence of evidence of expert shopping. The record shows that Rosell had already examined respondent and provided his counsel an assessment of respondent before respondent filed his motion for appointment of Rosell. (*See* Resp.'s Reply 5-6). Thus, this case does not present the situation in which a respondent selects an expert and then seeks to have him withdrawn after learning the examiner's opinions, as has occurred in cases in which the court has denied respondents' motions to withdraw court-appointed examiners. *See, e.g.*, Order of 6 June 2011, *United States v. Boyd*, No. 5:08-HC-2061-D (E.D.N.C.) (D.E. 40); *see also* Order of 31 May 2011, *United States v. Gloshay*, No. 5:08-HC-2051-BR (E.D.N.C.) (D.E. 63); Order of 31 May 2011, *United States v. Barrett*, No. 5:07-HC-2097-FL (E.D.N.C.) (D.E. 69); Order of 31 May 2011, *United States v. Fiscus*, No. 5:07-HC-2204-FL (E.D.N.C.) (D.E. 58).

In addition, Rosell has not prepared a report and his opinions have not been disclosed. Thus,

---

[2] The fact that respondent may not have ruled out the possibility that he may call Rosell as a witness (*see* Resp.'s Reply 16) does not deprive him of the confidentiality protections of Rule 26(b)(4)(D), as the government seems to suggest. If respondent does designate Rosell as a witness, the respondent would have to make the requisite expert disclosures relating to him. *See* 15 Aug. 2011 Order 2, *United States v. Matherly*, No. 5:06-HC-2205-BR (E.D.N.C.) (D.E. 75).

2

the harm to respondent that could result from disclosure of Rosell's opinions, which includes tainting the remainder of the proceedings in this case and possibly prolonging unnecessarily respondent's incarceration, can still be averted.[3] This circumstance is another point of distinction from other cases in which withdrawal of court-appointed respondent-selected examiners was denied. *See, e.g.,* Order of 31 May 2011, *United States v. Gloshay*, No. 5:08-HC-2051-BR (E.D.N.C.) (D.E. 63); Order of 31 May 2011, *United States v. Barrett*, No. 5:07-HC-2097-FL (E.D.N.C.) (D.E. 69); Order of 31 May 2011, *United States v. Fiscus*, No. 5:07-HC-2204-FL (E.D.N.C.) (D.E. 58).

Further, respondent's motion for appointment of Rosell not only contravened respondent's intent to protect the confidentiality of Rosell's opinions and any privileged information provided Rosell, but resulted from gross error by the counsel appointed for (and not chosen by) respondent—her utterly unfounded belief that the court required her to file the motion. Respondent's counsel claims that the 19 May 2011 Order in *United States v. Gloshay*, No. 5:08-HC-2051-BR (E.D.N.C.) (Britt, J.) (D.E. 58) ("*Gloshay* order"), which the undersigned had announced would be applied to all § 4248 cases assigned to him, required court appointment of all examiners pursuant to sections 4247 and 4248, including Rosell. But the *Gloshay* order provides *expressly* for retention by respondents of examiners solely for trial preparation under Rule 26(b)(4)(D) as an exception to appointment under § 4247. (*Gloshay* Order 11-12).[4] Thus, even a casual reading of the *Gloshay*

---

[3] The court recognizes that it is the instant motion by respondent's counsel that has provided this opportunity to avoid such harm, although, as discussed below, the situation was created largely by her own gross error. The court views the motion as a largely successful attempt by her to mitigate on her client's behalf the effects of her prior handling of this matter.

[4] The relevant portion of the *Gloshay* order reads:

The court . . . finds that, with the one exception discussed below, the efficient administration of § 4248 cases requires that all examiners be appointed under § 4247. . . . The one exception to reliance on § 4247 is respondent's ex parte retention of an examiner solely for trial preparation, pursuant to Rule

3

order precludes the interpretation respondent's counsel gave it.[5]

Respondent's counsel also contends that the court sent an email, a copy of which is attached to her reply (D.E. 39-1), requiring that all examiners be court-appointed under § 4247. Needless to say, it is not the practice of this court to issue orders in the form of emails, which should have alerted counsel to the fact that it did not come from the court. Moreover, the first page of the email clearly appears to show Assistant United States Attorney Rudy Renfer as the sender[6], and he was, in fact, shown in the undersigned's inbox as the sender of the copy of the email he received, as presumably was also the case for respondent's counsel.

Respondent's counsel's view that she could prevent disclosure of the privileged information she provided Rosell despite his appointment and apparent reliance on the information in forming his opinions was also unfounded. As discussed at the hearing on the instant motion, Rule 26(b)(4)(C) provides expressly for discovery of "facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed" and "assumptions that the party's

---

26(b)(4)(D) of the Federal Rules of Civil Procedure. Even here, though, the court expects respondents to obtain court approval before retaining such an examiner. Such court approval is necessary to ensure the orderly and efficient conduct of proceedings.

(*Gloshay* Order 11-12).

[5] This court's standing order governing § 4248 cases similarly recognizes respondents' retention of examiners subject to Rule 26(b)(4)(D). Standing Order re § 4248 Cases, No. 10-SO-01, ¶ 4(b)(i) (E.D.N.C. 4 Aug. 2010) (giving prior citation for provision now located at Rule 26(b)(4)(D)).

[6] The first page of the email shows what appears to be the list of addressees (counsel's name is second in the list); to the left of the list "Renfer, Rudy (USANCE);" and on the same line to the right of the list "05/31/2011 12:33 PM." (31 May 2011 Email 1). There is no comparable transmittal information showing or suggesting in any way that the court was the sender. The subject of the email is the language the Department of Justice requires for payment of examiners appointed under § 4247 in accordance with the *Gloshay* order. Attached to the email are various versions of that language addressing different situations. This language had been discussed at a status conference before the undersigned on 27 May 2011, which respondent's counsel acknowledged at the hearing on the instant motion she did not attend.

4

Case 5:07-hc-02187-D -JG   Document 45   Filed 09/07/11   Page 4 of 7

attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii), (iii). These provisions clearly apply to an examiner appointed under § 4247, whose reports must be filed with the court and served on counsel for the parties. *See* 18 U.S.C. § 4247(c).

Withdrawal of Rosell as a court-appointed examiner would not prejudice the government. It contends that because respondent has refused to be interviewed by examiners it has chosen, exceptional circumstances that make it impracticable for it to obtain opinions regarding respondent by means other than Rosell, who has already examined respondent. *See* Rule 26(b)(4)(D)(ii).[7] But the government is not, in fact, without another remedy that does not implicate the confidentiality concerns presented here—obtaining court appointment of an examiner, as it has done in other cases when presented with respondents' refusal to be interviewed. *See, e.g.*, Order of 16 August 2011, *United States v. Bolander*, No. 5:07-HC-2032-FL (E.D.N.C.) (D.E. 64); Order of 31 August 2011, *United States v. Turner*, No. 5:07-HC-2167-D (E.D.N.C.) (D.E. 60). The court would also thereby not be deprived of opinions that might otherwise be offered by Rosell.[8]

Taking the salient circumstances into account, the court finds that the proper course is to allow respondent to withdraw Rosell as a court-appointed examiner. Doing so will preserve the confidentiality of Rosell's opinions and any privileged information upon which they are based in accordance with respondent's intent; avoid compromising future proceedings in this case through

---

[7] The government also relies on the provision permitting discovery of experts retained solely for trial preparation as provided in Rule 35(b). Rule 26(b)(4)(D)(i). This provision is inapplicable because Rosell's examination of Rosell was not conducted pursuant to Rule 35.

[8] Preparation of a privilege log and *in camera* review of the allegedly privileged information provided Rosell is not an effective remedy, as the government suggests. The information whose disclosure would be required if Rosell continued as a court-appointed examiner includes more than simply this privileged information and extends to all the opinions of Rosell and other, non-privileged information provided him.

5

compelled disclosure of privileged information; work no prejudice to the government or the court in this case; and not disrupt orderly proceedings in § 4248 cases generally given the unique circumstances present here, which are unlikely to be repeated.

IT IS THEREFORE ORDERED as follows:

1. Respondent's motion to withdraw Rosell (D.E. 34) is ALLOWED and Rosell's appointment as an additional examiner selected by respondent pursuant to the court's 13 June 2011 order (D.E. 33) is WITHDRAWN, including the associated obligation to prepare a report pursuant to § 4247(c).

2. The court APPROVES respondent's retention of Rosell as a mental health examiner subject to Rule 26(b)(4)(D).

3. The Office of Federal Public Defender ("OFPD") is ORDERED to pay the costs of Rosell. It shall reimburse the Department of Justice for any sums it previously paid Rosell pursuant to the court's 13 June 2011 order appointing him.

4. This order SUPERSEDES any contrary terms in the 13 June 2011 appointment order.

5. The directive in the 11 July 2011 text order (D.E. 37) that Rosell not prepare any report on respondent is VACATED. The sole purpose and effect of this vacatur is to relieve Rosell from the prohibition in the text order against preparing a report on respondent, and it does not further address the matter of any report on respondent by Rosell. The disposition of Rosell's obligation under the 13 June 2011 appointment order to prepare a report pursuant to § 4247 is addressed in paragraph 1 above.

6. No later than 16 September 2011, the parties shall submit a proposed plan for completion of prehearing proceedings in this case. If they cannot agree on all terms of the plan, the

position of each party shall be stated along with the objections to the corresponding position of the other party. The plan shall reflect due consideration of the delay that has already occurred in this case and the need to proceed to a hearing as expeditiously as practicable.

SO ORDERED, this 7th day of September 2011.

James E. Gates
United States Magistrate Judge