IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2187-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| KEVIN LOU ENGLISH, ) | |
| ) | |
| Respondent. ) | |

This case comes before the court on respondent's renewed motion to dismiss [D.E. 52], which the presiding Chief District Judge has referred to the undersigned for memorandum and recommendation ("M&R") (*see* Minute Entry after Docket Entry 55). In this action, the government seeks to commit respondent as a sexually dangerous person under 18 U.S.C. § 4248 ("§ 4248"). Respondent seeks dismissal based on purported violations due process and equal protection. The government has responded in opposition [D.E. 55]. For the reasons that follow, it will be recommended that the motion be denied.

Respondent contends that the application of § 4248 violates the constitutional protection against double jeopardy, applies an improper burden of proof, and violates the constitutional protection against self-incrimination. Mot. Dismiss 1-2. Essentially, respondent argues that proceedings under § 4248 are criminal rather than civil in nature. Respondent also contends that the statutory scheme for commitment of sexually dangerous persons violates equal protection because it creates a small class of persons, whom respondent denotes as federal detainees, who may be subject to civil commitment proceedings. *Id.* at 2. These arguments are without merit. *See United States v. Timms,* Nos. 11-6886, 11-6941, ___ F.3d ___, at *20-21, *33 (4th Cir. Jan. 9, 2012); *United*

States v. Comstock, No. 5:06-HC-2195-BR, 2011 WL 5835100, at *1, *3 (E.D.N.C. Nov. 21, 2011); Order Deny. Mot. Dismiss 1-2, *United States v. Burkhardt*, No. 5:07-HC-2125-D (E.D.N.C. Dec. 6, 2011) [D.E. 77].

IT IS THEREFORE RECOMMENDED that respondent's motion [D.E. 52] be DENIED.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 23 January 2012 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections is due no later than 7 days after the filing of the objection, but in no event later than 30 January 2012

This, the 9th day of January 2012.

James E. Gates
United States Magistrate Judge