IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2187-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KEVIN LOU ENGLISH, ) | |
| ) | |
| Respondent. ) | |

This case comes before the court on respondent's motion (D.E. 88) to exclude two government witnesses at the commitment hearing in this case, Bianca McSwain and Marion McSwain, on the grounds that the government did not disclose them timely. The government has filed a response (D.E. 93) in opposition. Respondent has filed a reply (D.E. 94). The motion will be allowed on the terms set forth below.

The government commenced this case on 9 October 2007. *See* Cert. of Sexually Dangerous Person (D.E. 1). Paragraph 4(f) of Standing Order 10-SO-01 required each party to include in its initial disclosures a list of "those individuals it anticipates it may call as a witness at the hearing, along with a concise description of what that person is expected to testify about at the hearing." The government's initial disclosures were due 29 April 2011. *See* Scheduling Order (D.E. 15); Notice of Filing and Proposed Schedule (D.E. 16). The discovery period closed on 10 February 2012, and final prehearing disclosures were required to be served by 15 February 2012. *See* Order of 11 January 2012 (D.E. 69). The government first disclosed its intent to call Bianca McSwain and Marion McSwain as witnesses on 16 February 2012, after the deadline for service of final prehearing disclosures and 18 days before the commitment hearing, which is scheduled to begin on 5 March

2012.

The court finds that the failure of the government to timely disclose Bianca McSwain and Marion McSwain as witnesses was not substantially justified. *See* Fed. R. Civ. P. 37(c)(1).[1] These witnesses are the now-adult victim and mother of the victim in a child molestation case against defendant in Wyoming state court, in which the Wyoming Supreme Court in a 1999 published decision reversed respondent's conviction and remanded for a new trial, which never occurred. *English v. State*, 982 P.2d 139 (1999). Information about the case was apparently included in materials the government produced in discovery. It clearly had the opportunity and ability to identify and disclose these witnesses timely. Indeed, it had several years. The government argues that it did not pursue these witnesses until after defendant made certain statements at his January 2012 deposition in this case, but it was the government's choice to defer pursuit of them until that time.

The government's failure is also not harmless. It deprived the respondent of the opportunity to prepare its case to meet this evidence, whatever its merit. *See* Fed. R. Civ. P. 37(c)(1). Moreover, disclosure at this late date could well disrupt respondent's preparation for the commitment hearing.

---

[1] This provision reads:

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). *See Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (setting out five-part test for application of Rule 37(c)(1)).

Case 5:07-hc-02187-D-JG  Document 95  Filed 02/24/12  Page 2 of 3

Respondent's motion (D.E. 88) is therefore ALLOWED. The government shall not call Bianca McSwain or Marion McSwain in its case-in-chief. This order does not address whether the witnesses may be called in rebuttal, a matter left solely for the trial judge.

SO ORDERED, this the 24th day of February 2012.

James E. Gates
United States Magistrate Judge