IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2187-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN LOU ENGLISH, | ) | |
| | ) | |
| Respondent. | ) | |

This case, brought under the Adam Walsh Act, comes before the court on respondent's

motion (D.E. 97), pursuant to Fed. R. Civ. P. 37(c)(1), to exclude from the commitment hearing six

government witnesses—namely, Cassandra Nations, Kim Nations, Destarte Niedermeyer, Frankie

Wright, Rachell Sheets, and Brenda Desera—and approximately two hundred (200) pages of

documents, on the grounds that the government did not disclose the witnesses and documents timely.

The government has filed a response (D.E. 103) in opposition, and respondent has filed a reply (D.E.

104). The motion will be allowed in part and denied in part on the terms set forth below.[1]

This order and the underlying analysis are, of course, based on the record as it currently

stands. It is therefore subject to further development of the record in proceedings before and during

trial, and the authority of the presiding District Judge over such proceedings, including the

determination whether any evidence found not excludable under Rule 37(c)(1) is otherwise

admissible.

---

[1] The government states that it has not yet located the witnesses. Therefore, at the present time the motion is
moot as to the witnesses. The court will nonetheless address it in the event the government does locate these witnesses
in time for presentation at the commitment hearing. There is no question of mootness with respect to the documents.

# BACKGROUND

The government commenced this case on 9 October 2007. *See* Cert. of a Sexually Dangerous Person ("Cert.") (D.E. 1). The government's initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), were due 29 April 2011. *See* Scheduling Order (D.E. 15); Notice of Filing and Proposed Schedule (D.E. 16). Paragraph 4(f) of Standing Order 10-SO-01 required each party to include in its initial disclosures a list of "those individuals it anticipates it may call as a witness at the hearing, along with a concise description of what that person is expected to testify about at the hearing." Notably, Rule 26(a)(1) does not require the disclosure of individuals whose information would be "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). The discovery period closed on 10 February 2012. *See* 11 Jan. 2012 Order (D.E. 69).

Final prehearing disclosures, pursuant to Rule 26(a)(3), were required to be served by 15 February 2012. *See id.* Consistent with Rule 26(a)(1), Rule 26(a)(3) does not require disclosure of evidence to be presented at trial "solely for impeachment." Fed. R. Civ. P. 26(a)(3)(A). The government first disclosed the documents in question on 27 February 2012 and its intent to call the six listed witnesses on 28 February 2012, after the deadline for service of final prehearing disclosures and less than one week before the commitment hearing, which is scheduled to begin on 5 March 2012.

Four of the witnesses purportedly have knowledge regarding an incident in 1985 that resulted in respondent's conviction for fourth degree sexual assault on guilty pleas and two have knowledge regarding an incident in 1992 that resulted in his arrest and eventual acquittal for indecent liberties with a child. Gov't Resp. (D.E. 103) 1. The documents purportedly consist of those "generated, collected, or added to" respondent's Federal Bureau of Prisons ("BOP") file since about 1 March

2011. *Id.* 5. The government had produced to respondent a copy of the contents of the file as of that date in April 2011. *Id.* 4. The documents consist primarily of administrative documents that the government does not seek to introduce at the commitment hearing. *Id.* 5. However, these also include materials seized from respondent's cell that the government does intend to introduce. *Id.*

## ANALYSIS

### I.    Applicable Principles

Rule 26(e) requires, in relevant part, that a party that has made a disclosure under Rule 26(a), as the government did, must supplement it "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c)(1) provides for the exclusion of evidence at a trial or hearing not timely disclosed pursuant to Rule 26(e), unless the failure to disclose "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court may impose other sanctions in addition to or instead of exclusion of the evidence. *Id.* The provision reads:

> Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

The Fourth Circuit has held that in exercising its broad discretion under Rule 37(c)(1) to exclude evidence, a district court should be guided by the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four factors relate mainly to the harmlessness exception to exclusion while the fifth factor relates primarily to the substantial justification exception to exclusion. *Id.* The burden rests on the party facing sanctions, here the government, to show that its nondisclosure was harmless or substantially justified. *Id.* at 596.

## II.     Witnesses

Turning first to the witnesses, the government states that it intends to call them, if at all, only for purposes of impeachment. Since the disclosure requirements in Rule 26(a)(1) and (3) do not extend to witnesses being offered solely for impeachment, the government's disclosure of the witnesses is not tardy for that purpose under Rule 37(c)(1). The motion is therefore DENIED with respect to the witnesses and they are not excluded under Rule 37(c)(1) to the extent the government offers them solely for impeachment, whether during the initial presentation of its case[2] or during any rebuttal presentation.

In the event that notwithstanding the government's stated intent, it seeks to offer the witnesses for purposes other than impeachment, the court finds that the government failed to disclose

---

[2] The government has indicated that it intends to call respondent as part of its initial presentation of the evidence. In that event, presentation of the witnesses for impeachment purposes during this phase of the government's case could well be warranted, rather than deferring their testimony until the rebuttal phase.

them timely. The court further finds that the government's tardiness was neither substantially justified nor harmless.

As to the lack of substantial justification for the tardiness, information regarding the 1985 and 1992 incidents was contained in a federal presentence report on respondent prepared in 2002. Gov't Resp. 2. The 1985 incident is referenced in the Certificate of a Sexually Dangerous Person the government filed to initiate this proceeding. *Id.*; *see* Cert. ¶ 3(a). The government clearly had the opportunity and ability to identify and disclose these witnesses timely. Indeed, it had several years. The government argues that it did not pursue these witnesses until after defendant made certain statements at his January 2012 deposition inconsistent with prior representations by him in this case and during his participation in the Sex Offender Treatment Program at the Federal Correctional Institution–Butner, but it was the government's choice to defer pursuit of the witnesses until that time. *See* Gov't Resp. 2.

As to the harmfulness of the tardy disclosures, while respondent obviously has knowledge regarding the incidents in question, the government has made no showing that he is familiar with the knowledge of these particular witnesses or their connection, if any, to the incidents. Thus, the witnesses do represent a surprise to respondent. Moreover, respondent lacks the ability to effectively remedy that surprise. The reasons include the brief period between disclosure of the witnesses and the commitment hearing, the multiplicity of witnesses involved, and the time period since the events in question, which would appear to complicate investigation into the substance their testimony. Allowing the evidence would not appear to be disruptive of the hearing, and this factor therefore does not favor exclusion.

The evidence relating to the 1992 incident has potential importance in this case. Prior

5

commission of sexual conduct with children relates to each of the three elements for civil commitment of an individual under 18 U.S.C. § 4248—namely, whether the individual (1) has previously "engaged or attempted to engage in sexually violent conduct or child molestation"; (2) currently "suffers from a serious mental illness, abnormality, or disorder"; and (3) "as a result of" such condition, "would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247(a)(5), (6); *see United States v. Comstock*, __ U.S. __, 130 S. Ct. 1949, 1954 (2010). While the evidence concerning the 1985 incident also relates to these elements, respondent's convictions for this incident, particularly on guilty pleas, lessen the importance of the witnesses' testimony regarding this incident. Nevertheless, to the extent the proposed witness testimony is important, it accentuates the prejudice to respondent arising from surprise. Thus, the importance of the proposed witness testimony is ultimately a neutral factor. *See Southern States*, 318 F.3d at 598-99. For this and the other reasons stated, the harmlessness exception to exclusion under Rule 37(a) is inapplicable to the six proposed witnesses.

The court concludes that, to the extent the government seeks to present the witnesses for purposes other than impeachment, respondent's motion is ALLOWED and such witnesses are excluded under Rule 37(c)(1). For the reasons discussed, this exclusion would not prevent the government from presenting their testimony solely for impeachment.[3]

## III.  Documents

The court finds that the government's production of documents to respondent was tardy. In

---

[3]In an order entered 24 February 2012 (D.E. 95), the court reached the same conclusion with respect to two other tardily disclosed witnesses that respondent moved to exclude (*see* D.E. 88). Although not set out as extensively as here, the court's reasoning with respect to those two witnesses was comparable to that here. Similarly, the exclusion of those witnesses from the government's "case-in-chief" does not preclude presentation of their testimony during the government's initial presentation of its evidence solely for impeachment, if such testimony is otherwise deemed admissible by the presiding District Judge. 24 Feb. 2012 Order 3.

addition, the government has not substantially justified its tardiness.  Indeed, it does not offer any explanation for its failure to provide the documents during discovery or prior to the deadline for final prehearing disclosures.

However, the government has shown that the tardy production of the only portion of the documents it seeks to introduce at the commitment hearing—materials seized from respondent's cell—was harmless.  These particular documents present no surprise to respondent because they originated with him, and there accordingly is no issue of curing surprise.  Allowing these documents would not disrupt the hearing.  And the evidence is clearly important; it relates to the second (current mental illness, abnormality, or defect) and third (serious difficulty refraining) elements for civil commitment.  Respondent's motion is therefore DENIED as to these documents, and they are not excluded under Rule 37(a)(1).

The government has not attempted to show that the remaining documents are harmless, beyond the general characterization that it is largely administrative in nature and not relevant to the commitment hearing.  Gov't Resp. 5. This general statement is inadequate to carry the government's burden to show harmlessness.  Respondent's motion is therefore ALLOWED with respect to the documents other than those seized from respondent's cell, and the government may not present such unseized documents at the commitment hearing for purposes other than impeachment.

## CONCLUSION

For the reasons and on the terms set forth above, respondent's motion (D.E. 97) to exclude witnesses and documents is ALLOWED IN PART AND DENIED IN PART.

SO ORDERED, this the 1st day of March 2012.

James E. Gates
United States Magistrate Judge